UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE LEE TAYLOR,<br><br>       Petitioner,<br><br>    v.<br><br>KEVIN CHAPPELL, Warden of California State Prison at San Quentin,<br><br>       Respondent.<br>_____/ | No. C-92-1627 EMC<br><br>**DEATH PENALTY CASE**<br><br>**ORDER DENYING RESPONDENT'S MOTION TO RECONSIDER FINDINGS ON PROCEDURAL DEFAULT**<br><br>**(Docket No. 223)** |

## I. INTRODUCTION AND BACKGROUND

Petitioner was convicted and sentenced to death for the robbery, attempted rape and murder of an 84-year-old woman in January 1985. The California Supreme Court affirmed petitioner's conviction and death sentence in 1990. *People v. Taylor*, 52 Cal. 3d 719 (1990). Petitioner's state petition for writ of habeas corpus was denied in September 1990; his petition for a writ of certiorari was denied by the United States Supreme Court in October 1991.

Petitioner filed his first federal Petition for Writ of Habeas Corpus on July 10, 1995. His First Amended Petition was filed on April 30, 1997, and his second state petition was filed on June 27, 1997 with the California Supreme Court. The second state petition was denied on July 16, 2003. All of the claims were denied on the merits, and certain claims were also denied on state procedural grounds. Petitioner's Second Amended Petition was filed in federal court on March 12, 2004; a portion of that petition was found to be unexhausted. Petitioner subsequently returned to state court to exhaust that portion of his Second Amended Petition, and further proceedings in federal court

were stayed. The limited exhaustion petition was filed with the California Supreme Court on September 12, 2005; the petition was denied on September 11, 2013.

This Court subsequently lifted the stay and, following a case management conference on November 13, 2013, Respondent filed a Motion to Reconsider Findings on Procedural Default. Specifically, Respondent moves to reconsider the Court's previous finding that Claims 1-8, 9.B, 9.E, 9.G, 9.M, 11-13, 15A and 18-20 were not procedurally defaulted. For the following reasons, Respondent's motion is **DENIED**.

## II.   STANDARDS OF REVIEW

A.   Procedural Default

Under the doctrine of procedural default, federal courts will not review "a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). The doctrine of procedural default is a specific application of the general doctrine as to adequate and independent state grounds. *Fields v. Calderon*, 125 F. 3d 757, 762 (9th Cir. 1997). It bars a federal court from granting relief on a claim when a state court declined to address the claim because the petitioner failed to meet a state procedural requirement. *Id*.

In the habeas context, the procedural default doctrine furthers the interests of comity and federalism. *Coleman*, 501 U.S. at 730. It helps ensure that the state criminal trial remains the "main event" rather than a "tryout on the road" for a later federal habeas proceeding. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977).

Procedural default analysis proceeds in two steps. First, the court must determine whether the procedural rule the state court invoked to bar the claim is both "independent" and "adequate" to preclude federal review. "For a state procedural rule to be "independent," the state law basis for the decision must not be interwoven with federal law." *LaCrosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001), *citing Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983). A state law ground is interwoven with federal law in those cases where application of the state procedural rule requires the state court to resolve a question of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000), *citing Ake v. Oklahoma*, 470 U.S. 68, 75 (1985). If the state court does not make clear that it is resting its

1 decision on an independent and adequate state ground, it is presumed that the state denial was based
2 at least in part upon federal grounds. *Calderon v. United States District Court ("Bean")*, 96 F.3d
3 1126, 1129 (9th Cir. 1996). In 1998, the Supreme Court of California made clear that it would no
4 longer consider federal law when denying a habeas claim as procedurally barred on grounds of
5 untimeliness, except when applying an exception where petitioner was convicted or sentenced
6 pursuant to an invalid statute. *In re Robbins*, 18 Cal. 4th 770, 811-12 (1998).

For a state procedural rule to be "adequate," it must be clear, well-established and consistently applied. *Bean*, 96 F.3d at 1129. The issue of whether a state procedural rule is adequate to foreclose federal review is itself a federal question. *Douglas v. Alabama*, 380 U.S. 415, 422 (1965). The adequacy of a state procedural rule must be assessed as of the time when the petitioner committed the default. *Fields*, 125 F.3d at 760.

B. <u>Motion to Reconsider</u>

Respondent brings this motion pursuant to Civil Local Rule 7-9(b)(2), which states that a party seeking reconsideration of an interlocutory order must demonstrate "the emergence of new material facts or a change of law occurring after the time of such order."

### III. ANALYSIS

In an Order filed May 17, 2005, this Court denied Respondent's motion to dismiss Claims 1-8, 9.B, 9.E, 9.G, 9.M, 11-13, 15A and 18-20 as procedurally defaulted. Respondent argued that because the California Supreme Court denied those claims on untimeliness grounds, they could not be considered on the merits on federal habeas review. This Court found that Petitioner's default occurred in 1989, at which time California's untimeliness bar was neither independent nor adequate, and thus did not preclude federal review. Respondent now asks the Court to reconsider that order, and find those claims defaulted due to an intervening change in the law, specifically the United States Supreme Court's decision in *Walker v. Martin*, 131 S. Ct. 1120 (2011).

"California does not employ fixed statutory deadlines to determine the timeliness of a state prisoner's petition for habeas corpus. Instead, California directs petitioners to file known claims as promptly as the circumstances allow." *Martin*, 131 S. Ct. 1124 (internal quotations omitted.) In order to avoid the bar of untimeliness, a petitioner must establish "I) absence of substantial delay, ii)

1  good cause for the delay, or iii) that the claim falls within an exception to the bar of untimeliness."
2  *Robbins*, 18 Cal. 4th at 780.  Under the California Supreme Court Policies Regarding Cases Arising
3  From Judgments Of Death ("Policies"), a habeas corpus petition is presumed to be filed without
4  substantial delay if it is filed within 180 days from the due date of the reply brief on direct appeal, or
5  within 36 months after the appointment of habeas counsel, whichever is later.

6        Several leading decisions influence the analysis of untimeliness defaults.  In 1993, the
7  California Supreme Court decided *Clark*, 5 Cal. 4th 750, clarifying the law regarding untimeliness.
8  Prior to at least 1993, the untimeliness bar was not firmly established or consistently applied, and
9  was therefore found to be inadequate to bar federal review.  *Fields*, 125 F. 3d 763-64.  In 1998, the
10 California Supreme Court decided *Robbins*, declaring that it would no longer consider federal law
11 when denying a habeas claim as procedurally barred for untimeliness, and thus establishing the
12 independence of California's untimeliness bar.  18 Cal. 4th at 811-12.  Even for defaults occurring
13 after *Clark* and *Robbins*, however, district courts within the Ninth Circuit held that California's
14 timeliness bar was inadequate because it was applied inconsistently consistently.  *See*, *e.g.*, *Dennis v.*
15 *Brown*, 361 F. Supp. 2d 1124, 1130-34 (N.D. Cal. 2005).

16       In *Martin*, which was an appeal from a Ninth Circuit decision, the United States Supreme
17 Court held that California's timeliness rule, as "framed . . . for habeas petitioners in a trilogy of
18 cases" is adequate to bar federal habeas review.  131 S. Ct. at 1131.  Specifically, the Court held that
19 after *Robbins*, *Clark* and *In re Gallegos*, 18 Cal. 4th 825 (1998), California's untimeliness bar was
20 both independent and adequate, and thus sufficient to trigger a procedural bar to federal habeas
21 review.

22       Petitioner contends that *Martin* does not bar review of his claims because, even under
23 *Martin*,  the untimeliness rule was inadequate at the time that his particular untimeliness defaults
24 occurred.  He contends that his defaults occurred before the *Clark* decision, prior to which the
25 untimeliness rule was inadequate, and certainly before the *Robbins* decision, prior to which the
26 untimeliness rule was not independent of federal law.

27       The application of the untimeliness bar is tethered to the date on which the relevant habeas
28 petition is filed.  *See Calderon v. United States Dist. Court for the Eastern Dist. of California*

4

1  *("Hayes")*, 103 F.3d 72, 75 (9th Cir. 1996) (adequacy of timeliness standards measured as of date
2  first state habeas petition was filed); *Bean*, 96 F.3d at 1131; *Bennett v. Mueller*, 322 F.3d 573, 579
3  (9th Circuit 2003) (citing cases sharing the common theme that "when the habeas proceeding has
4  been initiated before the *Clark/Robbins* decisions were announced, the untimeliness rule cannot
5  stand as an independent and adequate state ground barring federal review.")  The time of any
6  alleged default is when petitioner first had the opportunity to raise the claims at issue, yet failed to
7  do so.  *See, e.g. Hayes*, 103 F. 3d at 75.

8  In this case, petitioner's defaults occurred in 1989, when he filed his first state habeas
9  petition.  This Court so held in its May 17, 2005 Order, and Respondent has offered no grounds to
10 overturn that decision.  The Ninth Circuit has held that California's untimeliness rule cannot
11 preclude federal review where the default occurred before the issuance of *Clark* in 1993.  *See*
12 *Morales v. Calderon*, 85 F. 3d 1387 (9th Cir. 1996).  Furthermore, the California Supreme Court did
13 not hold until the *Robbins* decision in 1998 that California's timeliness bar was independent.
14 Because *Martin* confirmed that *Robbins, Clark* and *Gallegos* set the independence and adequacy of
15 the California timeliness requirement, nothing in that opinion calls into question the Ninth Circuit
16 law holding that pre-*Clark* defaults such as Petitioner's do not bar federal review.  District courts
17 considering *Martin* have so confirmed.  *See*, *e.g.*, *Branner v. Chappell*, No. C-90-3219 DLJ, 2014
18 WL 582811, at *4 (N.D. Cal. Feb. 13, 2014 (finding that, because petitioner's defaults occurred in
19 2000, "long after *Clark* and *Robbins* were decided", the holding of *Martin* confirmed that
20 "California's untimeliness default was both independent and adequate to bar federal review."); *Clark*
21 *v. McEwen*, No. 10-CV-02149 AJB, 2012 WL 1205509, at *14 (S.D. Cal. Feb. 28, 2012)
22 (concluding that in *Martin*, "[t]he Supreme Court examined California's time bar in 2002 and
23 proximate years and concluded that as of that time, the rule was consistently applied.").

24 Despite the clear authority that Petitioner's pre-*Clark* and pre-*Robbins* defaulted claims are
25 not barred from federal review, Respondent nonetheless requests that the Court find Claims 1-8, 9.B,
26 9.E, 9.G, 9.M, 11-13, 15A and 18-20 defaulted.  As the foregoing discussion confirms, however, the
27 *Martin* decision – focused on the adequacy of California's timeliness bar after *Clark*, *Robbins* and
28 *Gallegos* – did not hold that all defaulted claims were barred from federal review, regardless of

when the default occurred. Even the California Supreme Court recognized that prior to its decision in *Clark*, "no clear guidelines [regarding timeliness] have emerged in our past cases." *Clark*, 5 Cal. 4th at 763; *see also Morales*, 85 F. 3d at 1393 (holding that "the California Supreme Court's timeliness rule, . . . before its further elucidation in *Clark*, did not afford an adequate and independent state ground barring federal review").

Because this Court has already held that Petitioner's defaults occurred in 1989, prior to the *Clark* decision in 1993 and the *Robbins* decision in 1998, Respondent's argument that the Court's decision finding Petitioner's untimely claims not defaulted for the purposes of federal review must be reconsidered in light of *Martin* is without merit. Respondent's motion to reconsider findings on procedural default is therefore **DENIED**.

## IV.    CONCLUSION

For the foregoing reasons, Respondent's motion to reconsider findings on procedural default is **DENIED**. Thus, Claims 1-8, 9.B, 9.E, 9.G, 9.M, 11-13, 15A and 18-20 may be considered on the merits on federal habeas review.

Within 60 days of the date of this Order, the parties are **ORDERED** to meet and confer, and to submit a proposed litigation schedule for resolution on the merits of Petitioner's record-based claims. In the interests of efficiency and in order to avoid oversize briefs, the parties are directed to divide the claims into groupings (by grouping together, for example, claims that have the same factual predicates) of no more than ten each.

Also within 60 days of the date of this Order, Petitioner is **ORDERED** to file an electronic copy of the Second Amended Petition, and Respondent is **ORDERED** to file an electronic copy of the Answer to the Second Amended Petition.

IT IS SO ORDERED.

Dated: March 26, 2014

EDWARD M. CHEN
United States District Judge

6