UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE LEE TAYLOR,<br><br>    Petitioner,<br><br>    v.<br><br>KEVIN CHAPPELL, Warden of California State Prison at San Quentin,<br><br>    Respondent.<br>_____/ | No. C-92-1627 EMC<br><br>DEATH PENALTY CASE<br><br>**ORDER RE BRIEFING SCHEDULE RE CAUSE & PREJUDICE** |

       The Court is in receipt of the parties' proposed briefing schedule, and hereby ORDERS the following briefing schedule regarding cause and prejudice. Petitioner's opening brief regarding cause and prejudice and/or fundamental miscarriage of justice issues is due on or before September 30, 2014. Respondent's opposition is due on or before November 14, 2014. Any reply brief is due on or before December 19, 2014. The parties are strongly encouraged to adhere to the page limits set by Local Rule 7.4 (b), absent a significant showing that oversize briefs are necessary. Any request to file an oversize brief must be filed at least seven days before the brief in question is due.

       The parties did not, as requested by the Court, submit a proposed schedule for the briefing of petitioner's record-based claims. Instead, the parties state that the Second Amended Petition is "not fully ripe", and that issues regarding discovery and an evidentiary hearing should be addressed after the Court renders a decision regarding cause and prejudice. The Court does not agree with this approach, and the parties have not demonstrated why the petition is not ripe, and why record-based claims cannot be considered prior to requests for discovery and/or evidentiary hearing. Accordingly,


within fourteen days of the date of this Order, the parties should submit a joint statement addressing ripeness and a proposed plan for addressing record-based claims.[1]

The CMC scheduled for June 12, 2014 is **VACATED**. The Court will set a future CMC date if necessary.

IT IS SO ORDERED.

Dated: June 10, 2014

_____
EDWARD M. CHEN
United States District Judge

---

[1] The parties state that grouping of record-based claims for briefing is not possible because of the overlapping nature of the claims. Claims that overlap should be grouped together for briefing purposes; the Court has reviewed the Second Amended Petition and finds that the parties have not demonstrated that grouping of claims – a common procedure in capital habeas cases – is not possible in this case.

2