**United States District Court**
For the Northern District of California

1

2

3

4

5            UNITED STATES DISTRICT COURT

6            NORTHERN DISTRICT OF CALIFORNIA

7

8    FREDDIE LEE TAYLOR,                          No. C-92-1627 EMC

9            Petitioner,

10                                                **DEATH PENALTY CASE**

         v.

11   RON DAVIS, Acting Warden of the California    **ORDER RE CAUSE AND PREJUDICE**
     State Prison at San Quentin,                  **FOR PROCEDURAL DEFAULT OR**
12                                                 **FUNDAMENTAL MISCARRIAGE OF**
             Respondent.                           **JUSTICE**
13   _____/

14

15

16                           I.    **INTRODUCTION**

17        Petitioner was convicted and sentenced to death for the robbery, attempted rape and murder

18   of an 84-year-old woman in January 1985.  The California Supreme Court affirmed petitioner's

19   conviction and death sentence in 1990.  *People v. Taylor*, 52 Cal. 3d 719 (1990).  Petitioner's state

20   petition for writ of habeas corpus was denied in September 1990; his petition for a writ of certiorari

21   was denied by the United States Supreme Court in October 1991.

22        Petitioner filed his first federal Petition for Writ of Habeas Corpus on July 10, 1995.  His

23   First Amended Petition was filed on April 30, 1997, and his second state petition was filed on June

24   27, 1997 with the California Supreme Court.  The second state petition was denied on July 16, 2003.

25   All of the claims were denied on the merits, and certain claims were also denied on state procedural

26   grounds.  Petitioner's Second Amended Petition was filed in federal court on March 12, 2004; a

27   portion of that petition was found to be unexhausted. Petitioner's third state habeas, filed on

28   September 12, 2005, was denied on September 11, 2013.

**United States District Court**
For the Northern District of California

In 2005 this Court ruled that once Petitioner had exhausted all of his claims in state court, it would then entertain briefing on cause, prejudice, and fundamental miscarriage of justice on claims which had been procedurally defaulted. Having exhausted all of his claims in state court, petitioner now returns to this Court. Petitioner seeks to have the Court consider the merits of Claim 6 of his Second Amended Petition, arguing that cause and prejudice exist for excusing the procedural default of the claim, or that in the alternative failure to consider Claim 6 on the merits would result in a fundamental miscarriage of justice. Petitioner, by this motion, also requests a ruling by the Court acknowledging that Claim 9F of the Second Amended Petition has now been fully exhausted and can be considered on the merits.[1] For the following reasons, Petitioner's motion is **GRANTED** as it relates to the finding by the Court of exhaustion of Claim 9F, and **DENIED WITHOUT PREJUDICE** as it relates to Claim 6, until such time as it may be renewed in conjunction with the Court's resolution of Claims 19 and 20 the Second Amended Petition.

## II.   BACKGROUND AND PROCEDURAL HISTORY

A.   Trial/Post-Trial

Mr. Taylor was convicted in state court in California in 1986 of first-degree murder, robbery, burglary, and attempted rape. Second Amended Petition, Docket No. 229, ¶¶ 2-3. The jury declined to find special circumstances based on attempted rape; however, the jury found felony-murder special circumstances based on the murder being committed in the course of robbery and burglary. *Id.*

After trial, trial counsel for Mr. Taylor filed both a motion for a new trial and a separate request for the trial court to strike the special circumstances. The argument underlying the motion for a new trial was that insufficient evidence supported the special circumstances findings of the jury. The new trial motion argued that based on the testimony of the pathologist, conclusions that defendant intended to kill the victim, and that he was insane at the time and thus had not formed the requisite intent, were equally reasonable. Trial counsel further argued that given the equally reasonable conclusions, in order for the special circumstances requiring the death penalty to come

---

[1] Respondent does not dispute that claim 9F has been procedurally exhausted and can now be considered by the Court.

**United States District Court**
For the Northern District of California

1    into play, the government bore the burden of negating the possibility that defendant did not have the

2    requisite intent, and that the government had not done so.  The trial court denied both of these

3    motions.

4    B.    State Appeal/State Habeas

5    On August 4, 1988, Mr. Taylor's appellate counsel filed an automatic appeal in the

6    California Supreme Court.  The appeal brief was over 300 pages long and contained 32 arguments in

7    an attempt to compel the Court of Appeal to overturn defendant's murder conviction and imposition

8    of the death penalty.  The appellate brief did not, however, include a claim specifically arguing that

9    insufficient evidence supported the jury finding of special circumstances.  *See* Docket No. 229-1.

10   The appeal was denied in a lengthy written opinion on December 31, 1990.  *People v. Taylor*, 52

11   Cal.3d 719 (1990), Docket No. 229-3.

12   On July 7, 1989 appellate counsel filed an initial *pro forma* habeas corpus petition in the

13   California Supreme Court.  The state habeas petition was much more limited – raising only seven of

14   the arguments which appellate counsel had included in the automatic appeal brief referenced above.

15   The habeas petition was denied without comment on September 26, 1990.  *Id.* ¶ 8.[2]

16   C.    Federal Habeas

17         1.    The First Federal Petition

18   Federal habeas counsel was appointed for Mr. Taylor on June 12, 1992, and counsel filed

19   Mr. Taylor's first federal petition for writ of habeas corpus on July 10, 1995.  *Id*. ¶¶ 11-12.  After

20   denying Respondent's initial motion to dismiss the petition or to compel exhaustion of claims, this

21   Court reconsidered its earlier ruling and issued an order on April 1, 1997 specifying which claims

22   were unexhausted and granting Mr. Taylor leave to file the unexhausted claims in the California

23   Supreme Court. *Id*. ¶ 15.

24

25

---

26   [2] On March 25, 1991, appellate counsel made a motion for appointment of second counsel in
     the California state court.  As part of that Motion he filed a declaration asking to be removed as
27   habeas counsel due to his inexperience with habeas petitions, although he represented that he had
     sufficient experience with direct appeals.  *See* Docket No. 229-5.  The Supreme Court for the State
28   of California denied the request on April 11, 1991.  *Id.*

United States District Court
For the Northern District of California

1    On June 25, 1997, Mr. Taylor filed his second exhaustion petition in the California Supreme

2 Court. *Id.* ¶ 17.  That petition was denied on the merits and on various procedural grounds on July

3 16, 2003.  *Id.* ¶ 18.

4    2.    The Second Amended Petition

5    In accordance with the Court's April 1, 1997 Order, Mr. Taylor filed a Second Amended

6 Petition in this Court on March 12, 2004.  Docket No. 229.  The Second Amended Petition presents

7 a total of 20 claims for relief.  Four of those claims are relevant to this motion.  Claim 6 argues that

8 insufficient evidence supported the jury findings of special circumstances for the robbery and

9 attempted rape verdicts.[3]  Claim 9F asserts ineffective assistance of trial counsel based on his alleged

10 failure to seek consultation from an independent pathologist.  Docket No. 229 ¶¶ 193-205.

11    Claim 19 asserts that Petitioner was denied the effective assistance of appellate counsel, in

12 part because appellate counsel allegedly failed to raise meritorious issues on direct appeal, as well as

13 in the state habeas proceedings.  Second Amended Pet. at ¶ 473.  This claim asserts that appellate

14 counsel failed to raise "issues squarely presented by the trial record. . . ."  *Id.* at ¶ 477.  The Second

15 Amended Petition further asserts that the failure to raise these issues was not the result of an

16 intentional decision by appellate counsel and that counsel's representation fell below an objective

17 standard of reasonableness.  *Id.* at ¶ 479.  This claim concludes that but for the deficiencies of

18 appellate counsel, "it is reasonably likely that the outcome of state post-conviction proceedings

19 would have been different."  *Id.* at 482.  Claim 20 alleges actual innocence of the Petitioner.  Docket

20 No. 229 ¶ 274.

21    Respondent answered the Second Amended Petition on July 26, 2004, raising procedural

22 default as an affirmative defense to certain of Mr. Taylor's claims.  Docket No. 187.  On October 5,

23 2004, the Court ordered Respondent to file a motion concerning the claimed procedural default, and

24

25    [3] Claim 6 is entitled "The Evidence Was Legally Insufficient to Support the Special
   Circumstances, Robbery and Attempted Rape Verdicts."  In this claim, Petitioner concedes that the
26 evidence presented was legally sufficient to support both the underlying burglary conviction, and the
   conviction for felony murder  based on the burglary.  Second Amended Pet. at ¶ 195.
27 However, Petitioner  "strongly contests the legal sufficiency of the evidence to support the
   conviction of any crime" other than the burglary, and most importantly the special circumstances
28 found by the jury, which at that time required proof of intent to kill.  Second Amended Pet. at
   ¶ 196.

United States District Court

For the Northern District of California

1   ordered the parties to brief only "the issue of independent and adequate state grounds."  Docket No.

2   192.  The Court indicated it would request additional briefing on "the cause, prejudice, and

3   miscarriage of justice exceptions to default" only if it found Mr. Taylor had defaulted on any of his

4   claims.  *Id.*

5          Respondent thereafter filed a motion to dismiss Claims 1-8, 9.B-9.E, 9.G-9.M, 11-13, 15.A

6   and 18-20 as barred by the California Supreme Court's denial of those claims as untimely in Mr.

7   Taylor's exhaustion petition.  Docket No. 194.  Respondent also asserted that Claim 6, which

8   challenged the sufficiency of the evidence presented at trial for Mr. Taylor's special circumstances,

9   robbery, and attempted rape verdicts, had been procedurally defaulted pursuant to *In re Lindley*, 29

10  Cal. 2d 709 (1947).  Docket No. 194 at 19.  A *Lindley* default occurs where sufficiency of the

11  evidence claims are not raised on direct appeal.  *See also Carter v. Giurbino*, 385 F.3d 1194, 1197

12  (9th Cir. 2004).  Additionally, Respondent sought to dismiss Claim 9F on the grounds that the claim

13  was unexhausted and therefore not cognizable in the proceedings.  *Id.* at 15-16.

14         On May 17, 2005, this Court granted in part and denied in part the motion to dismiss.  Docket

15  No. 200.  The Court rejected Respondent's timeliness default argument in its entirety.  However, the

16  Court found that Claim 6 had been procedurally defaulted pursuant to *Lindley*, but provided that Mr.

17  Taylor could brief cause and prejudice and/or fundamental miscarriage of justice once all other

18  claims had been exhausted.  *Id.* at 9.  The Court also found that a portion of Claim 9F (ineffective

19  assistance of counsel due to trial counsel's failure to consult an independent pathologist) was

20  unexhausted.  *Id.* at 6-7.  The Court accordingly stayed and held in abeyance Mr. Taylor's Second

21  Amended Petition pending exhaustion of that portion of Claim 9F and ordered Mr. Taylor to return to

22  federal court within thirty days of a final decision by the state court.  Docket No. 206.

23         Mr. Taylor filed his third state habeas petition to the California Supreme Court on September

24  12, 2005, which petition was denied on September 11, 2013, both on the merits and on procedural

25  grounds.  Per this Court's order, Mr. Taylor filed a status report once Claim 9F was fully exhausted.

26  Docket No. 215.  This Court then lifted the stay.  The Court provided that Mr. Taylor could submit a

27  brief on cause and prejudice and fundamental miscarriage of justice issues as to the defaulted Claim

28  6.  Docket No. 245.

**United States District Court**
For the Northern District of California

### III.   STANDARD OF REVIEW

Under the doctrine of procedural default, federal courts will not review "a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). In the habeas context, the procedural default doctrine furthers the interests of comity and federalism. *Coleman*, 501 U.S. at 730. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law. Alternatively, a court may consider the claim if petitioner can demonstrate that failure to consider the claim would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). This includes failure to raise a claim on direct appeal. *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

### IV.   DISCUSSION

A.   Claim 6

Petitioner urges the Court to find that cause and prejudice excuse the procedural default of Claim 6 of the Second Amended Petition. If the default were excused, the Court would be permitted to determine the merits of Petitioner's argument that insufficient evidence supported the special circumstances findings at trial. Petitioner claims that the alleged ineffective assistance of appellate counsel in not raising the insufficient evidence claim on direct appeal constitutes cause. Claim 19 of the Second Amended Petition also argues that appellate counsel was ineffective due in part to his failure to raise relevant claims on appeal. Petitioner notes that determination of appellate counsel's ineffectiveness in not raising on appeal the insufficient evidence argument embodied in Claim 6, may require further development of a factual record, and urges the Court therefore to defer ruling on the element of "cause" until the Court has developed the factual record supporting Claim 19.[4] Mr. Taylor further argues that he suffered actual prejudice: the reasonable probability that, but for the ineffective

---

[4] Petitioner also argues that an evidentiary hearing would permit the petitioner to present evidence of prejudice to satisfy the second prong of the default analysis. *See* below.

**United States District Court**
For the Northern District of California

1    assistance of appellate counsel, his appeal with respect to the specific verdicts would have been

2    successful.

3         Petitioner points the Court to a similar case in this District where the court permitted further

4    development of the factual record before determining whether ineffective assistance of counsel

5    constituted cause for a procedural default.  *See Walker v. Martin*  (previously *Walker v. Ornowski*),

6    Case No. C94-1997(N.D. Cal. 2006) (J. Armstrong) (Docket No. 150) (court defers determination of

7    "cause and prejudice" based on claim of ineffective assistance of counsel until evidentiary hearing

8    can be held).  For the reasons discussed below, the Court finds merit in Petitioner's suggestion, and

9    holds that this approach serves the goals of judicial economy.

10        1.    <u>Cause</u>

11        Petitioner claims that the "sole reason for Mr. Taylor's default on Claim 6 was appellate

12   counsel's failure to raise the critical issue of insufficiency of the evidence with respect to the special

13   circumstance" in Petitioner's direct appeal.  Pet. Opening Brief at 5:1–13.  As set out in *Pollard v.*

14   *White*, 119 F.3d 1430 (9th Cir. 1997), the "Due Process Clause guarantees a criminal defendant

15   effective assistance of counsel on his first appeal as of right."  *Id*. at 1435. *See also Douglas v.*

16   *California*, 372 U.S. 353, 356-57 (1963).  Demonstrating ineffective assistance of counsel under

17   *Strickland v. Washington*, 466 U.S. 668, (1984) is sufficient to demonstrate the "cause" prong of

18   *Coleman.*  While ineffective assistance of counsel is cause for procedural default,  "[a]ttorney error

19   short of ineffective assistance of counsel does not constitute cause."  *Vansickel v. White*, 166 F.3d

20   953, 958 (9th Cir. 1999) citing *Murray v. Carrier*, 477 U.S. 478, 492(1986).

21        While Petitioner urges the Court to defer ruling on cause until it determines ineffective

22   assistance under Claim 19, Petitioner argues that the Court could also find ineffective assistance of

23   counsel on the current record.  Counsel's failure to raise on appeal an "obvious" claim for reversal of

24   the death verdict Petitioner asserts is so egregious that the Court could find ineffective assistance with

25   nothing more.  Petitioner contrasts appellate counsel's failure in this regard with the performance of

26   trial counsel, who while generally ineffective at trial, in this particular regard had recognized the

27   deficiency of the evidence at trial and had moved on that basis for a new trial and to have the special

28   circumstances stricken post-trial.  *Id*. at 5:14-17.

**United States District Court**
For the Northern District of California

1    In effect, ruling on "cause" at this juncture would require the Court to make a finding that the

2  sole act of not including one additional claim, which had been raised and rejected twice before by the

3  trial judge, in a 300 page appeal brief which raised 32 separate other arguments supporting reversal of

4  the jury verdict and penalties constituted ineffective assistance of counsel *per se*.  The Court finds

5  that making such determination at this juncture is premature.  The Court concurs that further

6  development of the evidentiary record in this regard may answer some of the predicate findings

7  necessary under *Strickland*, such as whether the omission of this claim was a deliberate tactical act by

8  effective counsel, or merely inadvertence, supporting a potential finding of ineffective assistance.[5]

9    Respondent's arguments on the issue of "cause" miss the mark.  Respondent focuses at length

10  on case law discussing whether ineffective assistance of Post Conviction Remedy ("PCR") counsel

11  can excuse a petitioner's failure to have brought an ineffective assistance of **trial** counsel claim raised

12  for the first time in habeas proceedings.  It is well established law that an attorney's errors in a post-

13  conviction proceedings generally do not qualify as cause for a default.  *Coleman v. Thompson*, 501

14  U.S. 722, 753-54 (1991) ; *Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012) (cause for a default cannot

15  be found generally on an attorney's errors in a postconviction proceeding); *Dietrich v. Ryan*, 740

16  F.3d 1237, 1242 (9th Cir. 2013) (ineffective assistance of counsel in a state PCR proceeding cannot

17  constitute cause to excuse a procedural default because there is no constitutional right to an attorney

18  in a state PCR proceeding.).  This case law cited by Respondent is inapposite as such is not the

19  substance of petitioner's argument for cause for default here.

20    The underlying claim, Claim 6, is not one for ineffective assistance of trial counsel – it is for

21  insufficiency of the evidence which appellate counsel failed to raise on direct appeal.  In fact,

22  Petitioner's claim of ineffective assistance of appellate counsel is predicated in part on the

23  "effectiveness" of trial counsel who raised the issue of insufficient evidence at the trial level; it is trial

24  counsel's competent act which arguably made it ineffective for appellate counsel to have failed to

25  raise the claim on appeal.

---

28    [5] Petitioner will still be required to make a motion for an evidentiary hearing.  The Court is not determining unequivocally at this juncture Petitioner's entitlement to such hearing.

**United States District Court**
For the Northern District of California

1    2.    <u>Prejudice</u>

2        Petitioner argues that in addition to having establishing cause, he can demonstrate prejudice.

3    Prejudice to excuse procedural default based on ineffective assistance of counsel is the same showing

4    of prejudice necessary under *Strickland.  See Vansickel v. White*, 166 F.3d 953, 958-59 (9th Cir.

5    1999) (analyzing cause and prejudice for default due to ineffective assistance under *Strickland*

6    analysis).  To demonstrate prejudice under *Strickland*, a habeas petitioner must demonstrate "a

7    reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings

8    would have been different."  *Strickland,* 466 U.S. at 694.  "Reasonable probability" is a "probability

9    sufficient to undermine confidence in the outcome."  *Id.*  Because the prejudice prong is also

10   subsumed into the *Strickland* analysis of ineffective assistance of counsel, Petitioner again exhorts

11   the Court to consider the issue of prejudice as part of its determination of the merits of the ineffective

12   assistance claim, Claim 19.

13       Petitioner argues in the alternative that the current record demonstrates that there is a

14   reasonable probability that, had the insufficiency claims been raised on direct appeal, the appeal court

15   would have found in favor of Petitioner as to those special verdicts.  *See Strickler v. Greene*, 527 U.S.

16   263, 289 (1999).  Such a finding requires the Court to review the evidence and to determine whether

17   there is a reasonable probability that the California Court of Appeal would have held that the jury

18   could not have found that Petitioner had the intent to kill from the evidence presented.  *See Carlos v.*

19   *Superior Court*, 35 Cal.3d 131, 150 (1983).

20       Respondent counters that such speculation is not necessary, as Claim 6 was presented to the

21   California Supreme Court, and the Court rendered a decision on the merits of Claim 6, denying the

22   claim.  *In re Freddie Lee Taylor*, S062432 (Cal. July 16, 2003).

23       In its July 2003 decision, the California Supreme Court in *Taylor* held, in pertinent part:

24          The petition for writ of habeas corpus is denied. Claims I through XVII
            are denied on the merits. Claims I through XIII, Claim XV, Claim XVI,

25          and Claim XVII are also procedurally barred, separately and
            independently, as untimely. (In re Robbins (1998) 18 Cal.4th 770,

26          780-781; In re Clark (1993) 5 Cal.4th 750, 763-799). Claim VI is also
            denied, separately and independently, as noncognizable on habeas

27          corpus. (In re Lindley (1947) 29 Cal.2d 709, 723.) . . .

28

9

1  http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1794174&doc_no=S0

2  62432.

3       Petitioner responds that while the language of this Order purports to dispose of Claim 6 on the

4  merits, it does not elaborate either on the portion or portions of Claim 6 which the Court was denying

5  on the merits, or explain its rationale for the denial.  The state court decision does not automatically

6  preclude a finding of prejudice, as on federal habeas review the Court may "reweigh the evidence in

7  aggravation against the totality of available mitigating evidence." *Cullen v. Pinholster*, 131 S. Ct.

8  1388, 1408 (2011) citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003). [6]

9       In their briefing, both Petitioner and Respondent proceed to elaborate on the evidence

10 presented at trial in support of and contrary to a finding of intent to murder.  *See* Petitioner's Opening

11 Brief at pgs 7:17-8:26 (Docket No. 248) and Respondent's Brief at 6:1-7:5 (Docket No. 249).  The

12 parties' reliance on a review of the factual record indicates that review of the prejudice prong is in

13 fact "inextricably intertwined" with the merits of the ineffective assistance of counsel claim, as well

14 as the factual innocence claim, discussed below.

15       3.      Fundamental Miscarriage of Justice

16       Petitioner additionally argues that this Court's failure to review the merits of Claim 6 would

17 result in a "fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750.  A fundamental

18 miscarriage of justice occurs when a constitutional violation "has probably resulted in the conviction

19 of one who is actually innocent [of the offense for which he has been convicted]."  *Dugger v. Adams*,

20 489 U.S. 401, 410 n.6 (1989).  *See also Schlup v. Delo*, 513 U.S. 298, 301 (1995) (The phrase

21 "miscarriage of justice" in this context refers to actual innocence of the offense); *Sawyer v. Whitley*,

22 505 U.S. 333, 345 (1992); *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  In the context of Claim 6, a

23 finding of miscarriage of justice is not itself a constitutional claim but rather the "gateway through

24 which [he] must pass" to have his constitutional claim heard on the merits.  *Schlup v. Delo*, 513 U.S.

25 298, 315 (1995).

26

27       [6] Petitioner argues that *Pinholster* does not apply since it is an AEDPA case and Petitioner's

28 habeas was filed pre-AEDPA.  However, as this aspect of the *Pinholster* case is merely addressing
   the proper analysis under *Strickland*, its holding on this point is still relevant.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    Under *Shlup*, a demonstration of actual innocence requires the production of new, reliable

2 evidence supporting the actual innocence claim.[7]  *Id*. at 324.  A petitioner must show that he is

3 actually innocent, and the habeas court must make its determination concerning the petitioner's

4 innocence in light of all the evidence, including that alleged to have been illegally admitted, and

5 evidence claimed to have been wrongly excluded or to have become available only after the trial.

6 *Schlup v. Delo*, 513 U.S. at 305.

7    Petitioner argues that because of the need to adduce evidence of actual innocence to support a

8 claim of fundamental miscarriage of justice, this issue is inextricably intertwined with Claim 20,

9 which alleges Mr. Taylor is factually innocent of the attempted rape and robbery convictions and of

10 capital murder.  Claim 20 specifically alleges that the "evidence indicating that petitioner was not the

11 perpetrator is newly discovered evidence."   Second Amended Petition at ¶¶ 484-85.  Petitioner also

12 asserts in Claim 20 that there is newly discovered evidence as to his mental illness which is relevant

13 to his ability to form the requisite intent at the time of the crime.  *Id*.

14    Respondent counters that Petitioner has not "adduce[d] the kind of new reliable evidence"

15 necessary.  Respondent further argues that Petitioner has not developed any new fact which would

16 require the Court to hold a hearing on the factual innocence claim.  At this stage of the proceeding,

17 Respondent is correct.  There is, by way of the Second Amended Petition, reference to "newly

18 discovered evidence" but beyond that as part of this motion, Petitioner has not made any of this

19 evidence part of the record before the Court.  Without sufficient basis, neither Petitioner's

20 fundamental miscarriage of justice argument, nor his actual innocence claim may proceed.

21    The newly discovered evidence may be, as counsel suggests, intertwined with the ineffective

22 assistance of counsel claim.  There is no advantage to hearing these same arguments in a piecemeal

23 fashion.  Therefore, the Court finds that in the interests of judicial economy, it is appropriate to defer

24 ruling on fundamental miscarriage of justice until such time as Petitioner has made sufficient showing

25 on the basis for the Court to hear Claim 20 on the merits.

26 ───────────────

27    [7] "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 529 U.S. 614, 623 (1998); *see also Sawyer v.*

28 *Whitley*, 505 U.S. 333, 339 (1992) ("the miscarriage of justice exception is concerned with actual as compared to legal innocence").

B.      Claim 9F

        Petitioner claims he has exhausted this claim and complied with the Court's requirements and so now the Court can proceed to consider this claim on the merits.  The Respondent does not contest this assertion.  The Court finds that Claim 9F has been exhausted.

## V.   CONCLUSION

        For the reasons stated above, the Court **GRANTS** Petitioner's Motion as it relates to the finding by the Court of exhaustion of Claim 9F, and **DENIES WITHOUT PREJUDICE** Petitioner's Motion Re Cause and Prejudice as it relates to Claim 6 until such time as it may be renewed in conjunction with the Court's resolution of Claims 19 and 20 in the Second Amended Petition.

        Within 30 days of the date of this Order, the parties should meet and confer, and submit a joint proposed litigation schedule regarding briefing of the merits of petitioner's record-based claims. For the purposes of efficiency, and to avoid the need for the filing of oversized briefs, the parties should limit their first round of briefing to no more than ten claims, and to the extent possible, choose claims that have similar factual and/or legal predicates.

        IT IS SO ORDERED.


Dated:  February 23, 2015


                                              _____
                                              EDWARD M. CHEN
                                              United States District Judge

United States District Court

For the Northern District of California