1  Nanci L. Clarence (State Bar No. 122286)
   Gina Moon (State Bar No. 257721)
2  CLARENCE DYER & COHEN LLP
   899 Ellis Street
3  San Francisco, CA 94109
   Telephone: (415) 749-1800
4  Facsimile: (415) 749-1694

5  Douglas R. Young (State Bar No. 073248)
   Kelly A. Woodruff (State Bar No. 160235)
6  Kelly Matayoshi (State Bar No. 284596)
   FARELLA BRAUN + MARTEL LLP
7  235 Montgomery Street, 30th Floor
   San Francisco, CA 94104
8  Telephone: (415) 954-4400
   Facsimile: (415) 954-4480
9
   Attorneys for Petitioner
10 FREDDIE LEE TAYLOR

11 KAMALA D. HARRIS
   Attorney General of California
12 RONALD S. MATTHIAS
   Senior Assistant Attorney General
13 ALICE B. LUSTRE
   Deputy Attorney General
14 SHARON WOODEN (State Bar No. 108709)
   Deputy Attorney General
15 455 Golden Gate Avenue, Suite 11000
   San Francisco, CA 94102
16 Telephone: (415) 703-5966
   Facsimile: (415) 703-1234
17
   Attorneys for Respondent
18

19                UNITED STATES DISTRICT COURT

20                NORTHERN DISTRICT OF CALIFORNIA

21

22 FREDDIE LEE TAYLOR,                    Case No. C-92-1627 EMC

23           Petitioner,                  **JOINT CASE MANAGEMENT
                                          CONFERENCE STATEMENT**
24     vs.                                ORDER RESETTING CMC TO 3/26/15
                                          Date:  March 10, 2015
25 RON DAVIS, Acting Warden of California Time:  10:30 a.m.
   State Prison at San Quentin,           Court: The Honorable Edward M. Chen
26
             Respondent.
27

28

CASE MANAGEMENT CONFERENCE STATEMENT                    CASE NO. C-92-1627 EMC

Pursuant to Habeas Corpus Local Rule 2254-29(f), Petitioner Freddie Lee Taylor ("Taylor") and Respondent Ron Davis ("Respondent"), acting through their counsel, have met and conferred and hereby submit this Joint Case Management Conference Statement.

## I. STATUS OF CLAIMS RESPONDENT IDENTIFIES AS PROCEDURALLY DEFAULTED.

The Court has ruled that Taylor's motion regarding cause and prejudice and/or miscarriage of justice with respect to Claim 6 may be renewed at the time that the Court resolves Claims 19 and 20, as the issues relevant to the merits of Claims 19 and 20 are inextricably intertwined with Taylor's cause and prejudice/miscarriage of justice motion regarding Claim 6 (Dkt. No. 252). Otherwise, all procedural default issues in this case have been resolved.

## II. SCHEDULING OF OTHER PLEADINGS, MOTIONS, AND PROCEEDINGS.

On June 10, 2014, the Court issued an order denying the parties' joint request to defer setting a schedule and ordered the parties to "submit a joint statement addressing ripeness and a proposed plan for addressing record-based claims," including proposed groupings of record-based claims (Dkt. No. 245). Accordingly, on June 24, 2014, the parties submitted a joint filing presenting their respective proposals for resolution of the claims in this case (Dkt. No. 247). The Court, however, did not rule on the parties' proposals.

In advance of the case management conference scheduled for February 26, 2015, the parties met and conferred and submitted a joint case management conference statement that included the parties' respective scheduling proposals (Dkt. No. 251). On February 25, 2015, the case management conference was continued to March 10, 2015. Accordingly, the parties again met and conferred and now jointly propose the following schedule:[1]

//

//

//

---

[1] The parties will be prepared to address at the CMC the impact *Jones v. Chappell*, Case No. 14-5673 (9th Cir. 2014) has on Taylor's Second Amended Petition. Taylor reserves the right to file a motion to stay the instant proceedings pending the resolution of *Jones v. Chappell*. Respondent would oppose any such motion for stay.

CASE MANAGEMENT CONFERENCE STATEMENT - 2 - CASE NO. C-92-1627 EMC

### A. Merits Briefing of Group 1 Record-Based[2] Claims

The parties propose Taylor's motion for summary judgment, motion for judgment on the pleadings, brief on the merits, or other appropriate brief presenting Claims 12.C, 12.D, 16, and 18 for resolution by the Court be due on June 17, 2015. The parties propose the opposition brief by Respondent be due on August 17, 2015 and any reply by Taylor be due on September 16, 2015.

### B. Merits Briefing of Group 2 Record-Based Claims

The parties propose Taylor's motion for summary judgment, motion for judgment on the pleadings, brief on the merits, or other appropriate brief presenting Claims 3.A, 10-11, 15, and 17 for resolution by the Court be due on March 14, 2016. The parties propose the opposition brief by Respondent be due on May 13, 2016 and any reply by Taylor be due on June 13, 2016.

### C. Merits Briefing on Extra-Record Based Claims

Taylor contends that Claims 1-2, 3.B, 3.C, 4-5, 6-9, 12.A, 12.B, 12.E, 13-14, 19-20 are extra-record based.[3] If Taylor prevails on any of his record-based claims, no briefing on these extra-record based claims will be necessary. Accordingly, to preserve judicial, state, and CJA resources, the parties respectfully propose that the Court set a further case management conference after resolution of the record-based claims to set a litigation schedule for the extra-record based claims, including any motion by Taylor for discovery and an evidentiary hearing.

## III. REQUEST TO CHANGE HEARING DATE.

Counsel for Respondent are unavailable on March 10, 2015, and respectfully request that the hearing be reset to the first available hearing date thereafter. Taylor's counsel has no objection.

---

[2] Taylor contends that the claims in this case can be divided into record-based claims and extra-record based claims. Respondent contends that all claims in this case are record-based claims. However, in the interest of compromise, Respondent stipulates to the briefing schedule proposed herein. Respondent intends to oppose any motion for evidentiary hearing or any other effort to expand the record.

[3] Taylor previously identified Claim 6 as a "record-based" claim. However, since the Court has now specified that Taylor may renew his cause and prejudice motion with respect to Claim 6 when Claims 19 and 20 are considered, Taylor now classifies Claim 6 as "extra-record" based since the procedural default issues relating to that claim cannot be resolved until Claims 19 and 20, which are extra-record based, are resolved.

| | | |
|---|---|---|
| 1 | | Respectfully Submitted, |
| 2 | DATED: March 2, 2015. | CLARENCE DYER & COHEN LLP |
| 4 | | By: /s/ Gina Moon |
| 5 | | Nanci L. Clarence<br>Gina Moon<br>Attorneys for Petitioner |
| 6 | DATED: March 2, 2015. | FARELLA BRAUN + MARTEL LLP |
| 9 | | By: /s/ Kelly A. Woodruff<br>Douglas R. Young<br>Kelly A. Woodruff |
| 10 | | Kelly Matayoshi<br>Attorneys for Petitioner |
| 12 | DATED: March 2, 2015. | KAMALA D. HARRIS<br>Attorney General of California<br>RONALD D. MATTHIAS |
| 13 | | Senior Assistant Attorney General |
| 15 | | By: /s/ Sharon Wooden<br>SHARON WOODEN |
| 16 | | ALICE B. LUSTRE<br>Deputy Attorney Generals |
| 17 | | Attorneys for Respondent |

**ATTORNEY ATTESTATION**

Pursuant to General Order No. 45, I hereby attest that concurrence in the filing of this document has been obtained from the signatories indicated by a "conformed" signature (/s/) within this e-filed document.

By: /s/ Gina Moon
Gina Moon

Attorneys for Petitioner
FREDDIE LEE TAYLOR

IT IS SO ORDERED that the CMC is reset from 3/10/15 to 3/26/15 at 10:30 a.m. An updated joint CMC statement shall be filed by 3/19/15.

_____
Edward M. Chen
U.S. District Judge

[SEAL: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED AS MODIFIED — Judge Edward M. Chen]

CASE MANAGEMENT CONFERENCE STATEMENT - CASE NO. C-92-1627 EMC