UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE TAYLOR,<br><br>   Petitioner,<br><br> v.<br><br>RON DAVIS, Warden, San Quentin State Prison,<br><br>   Respondent. | Case No. 92-cv-01627-EMC<br><br>**DEATH PENALTY CASE**<br><br>**ORDER DENYING STAY PENDING DISPOSITION OF APPEAL**<br><br>Docket No. 285 |

## I. INTRODUCTION

Petitioner Freddie Lee Taylor was convicted and sentenced to death for the robbery, attempted rape, and murder of an 84-year-old woman in January 1985. On February 26, 2016, the Court granted Petitioner's petition for habeas relief on his claim that his right to due process was violated by the trial court's failure to *sua sponte* conduct a hearing on Petitioner's competence to stand trial. *See* Docket No. 275. The Court directed the parties to brief the issue of a potential remedy, specifically whether or not the record "contains sufficient information upon which to base a reasonable psychiatric judgment." *Odle v. Woodford*, 238 F.3d 1084, 1089-90 (9th Cir. 2001).

In its September 30, 2016 order, the Court held that there was insufficient information in the record upon which to base a reasonable psychiatric judgment as to Petitioner's competency at the time of trial. Docket No. 282. Accordingly, the Court could not, consistent with due process, conduct a hearing to determine retrospectively Petitioner's competency at the time of trial some 32 years prior. The Court thus vacated Petitioner's convictions for robbery, attempted rape, and murder, as well as the death sentence, and instructed Respondent to release Petitioner in light of the vacated convictions and sentence unless the state reinstated criminal proceedings against him

within ninety days. *See* Docket No. 282 (Order at 8). Currently pending before the Court is Respondent's motion to stay the order pending resolution of its appeal to the Ninth Circuit. Specifically, Respondent asks the Court to stay the order that it retry Petitioner within ninety days or release Petitioner. As noted by Petitioner, Respondent does not separately seek to stay release Petitioner whether or not he is retried.

Having considered the parties' briefs, the Court hereby **DENIES** the State's request for relief.

## II.  DISCUSSION

### A.  Legal Standard

The parties agree that, in light of the Court's order granting habeas relief, there is a presumption in favor of release from custody, but that presumption may be overcome if the traditional stay factors "tip the balance against it." *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987). The traditional stay factors are as follows:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 776. The question of whether to stay the decision granting habeas corpus and whether to release the prisoner pending appeal are treated as mirror images of each other. *See Franklin v. Duncan*, 891 F.Supp. 516, 518–19 (N.D.Cal.1995). How the factors ultimately play out "may depend to a large extent upon determination of the State's prospects of success in its appeal." *Id.* at 778. For example, if the State can establish "a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release." *Id.* But "[w]here the State's showing on the merits falls below this level, the preference for release should control." *Id.*

In evaluating whether to release a habeas petitioner, a court may consider the possibility of flight by the petitioner and whether there is a risk that the petitioner will pose a danger to the public if released. *See Braunskill*, 481 U.S. at 777.

> The State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal is also a factor to be considered; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served.

*Id.*

In this case, the Court finds that the State has shown neither a strong showing that it is likely to succeed on the merits or a substantial case on the merits of its anticipated appeal.

B.  Likelihood of Success on the Merits

Respondent argues that there is a likelihood that he will prevail on the merits on appeal because he intends to demonstrate on appeal that there is sufficient contemporaneous evidence of Petitioner's competency to provide a fair and reliable retrospective competency hearing. As noted above, the Court entertained briefing on this issue and ultimately reversed Petitioner's convictions and death sentence because clearly established federal law did not support Respondent's position.[1]

As noted in the September 30, 2016 order, the United States Supreme Court has never held that a retroactive competency hearing after a finding of a *Pate* violation would adequately protect a criminal defendant's due process rights. *Pate v. Robinson*, 383 U.S. 375, 385-86 (1966) (finding that "retrospectively determining an accused's competency" would be generally difficult, and the fact that "Robinson's hearing would be held six years after the fact [would] aggravate[] these difficulties." Similarly, in *Drope v. Missouri*, 420 U.S. 162, 183 (1975), the Court found that the "inherent difficulties" of a retroactive competency hearing counseled against such a remedy, given that six years had passed since Drope's trial. Accordingly, the Court held that a retroactive competency hearing would not satisfy due process. *Id.*

Petitioner is correct in noting that Respondent has not cited any cases in any jurisdiction that show that a competency hearing held more than thirty years after a defendant's trial would

---

[1] This case predates the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Ninth Circuit has observed that the pre-AEDPA version of § 2254(d) does not restrict "violations of the Constitution" that federal courts can remedy to violations of "'clearly established Federal law, as determined by the Supreme Court of the United States,'" but permits district courts to look to decisions "'of the Supreme Court and of this court.'" *Burton v. Davis*, 816 F.3d 1132, 1147 (9th Cir. 2016) (citing *Moore v. Calderon*, 108 F.3d 261, 264 (9th Cir. 1997)).

3

cure the trial court's failure to conduct a contemporaneous competency hearing. Nor has Court the found one.

By contrast, the Ninth Circuit has regularly found that a passage of time of one-third or one-half of that in the present case makes it impossible to conduct a reliable contemporaneous competency evaluation. *See Maxwell v. Roe*, 606 F.3d 561, 568 (9th Cir. 2010) (holding that a "meaningful retroactive competency determination, given the twelve-year delay and sparse medical record, is not possible," even though the defendant's competency had been evaluated eighteen months before trial); *McMurtrey v. Ryan*, 539 F.3d 1112, 1131 (9th Cir. 2008), (A competency hearing held thirteen years after trial, did not cure the *Pate* error "given the passage of time, the lack of medical records, and the absence of a doctor who assessed McMurtrey at the time of trial."); *Blazak v. Ricketts*, 1 F.3d 891, 894 n.3 (9th Cir. 1993) (finding that "since over seventeen years had expired since the trial, it would be impossible to determine Blazak's actual competency retrospectively"); *Tillery v. Eyman*, 492 F.2d 1056, 1059 (9th Cir. 1974) (holding that "[b]ecause of the difficulty of retroactively determining one's competency to stand trial, after the lapse of [seven] years, Tillery must be discharged unless Arizona elects to retry him within a reasonable time").

Respondent asserts that people who worked on the case, such as counsel and the court, as well as a former law clerk, and Petitioner's family are alive and would be able to assist in providing contemporaneous evidence as to Petitioner's competency at the time of the trial. However, he has submitted nothing to verify that any such evidence from these or other sources is actually available to supplement the meager record on Petitioner's competency at the time of trial. To the extent Respondent intends to present such evidence to the appellate court, he is precluded from doing so. *Ramirez v. Galaza*, 334 F.3d 850, 859 n.6 (9th Cir. 2003) ("We have consistently held that a party may not raise new issues of fact on appeal after declining to present those facts before the trial court.").

Respondent has, thus, failed to show even a substantial case on the merits of his claim that a retrospective competency hearing should be held, let alone a likelihood of success on the merits

on appeal.[2]  This factor, therefore, weighs strongly in favor of Petitioner.  This alone is a ground for denying the stay.

C. <u>Injury to Respondent and/or Petitioner and the Public Interest</u>

Even if the Court were to consider the other *Braunskill* factors, a stay is not warranted. The injury to Petitioner if the stay pending appeal were granted significantly outweighs the harm to Respondent were the stay denied.

In his papers, Respondent claims that he would be injured in at least two ways, and that the public interest would suffer, if the Court were to deny a stay of the retrial requirement.  First, the State would have limited time to locate witnesses and exhibits to prepare for a retrial—a difficulty compounded by the fact that the underlying incident took place thirty years ago.  However, Respondent has not asked for additional time to retry.  Moreover, aside from the one-sentence assertion that it would be difficult to prepare for retrial, Respondent has offered no particularized statement as to what evidence is currently available to present at trial and what evidence still needs to be secured.  It is, therefore, difficult to assess the scope of the burden on Respondent when it does not appear that he has endeavored to undertake that evaluation for himself.

Second, Respondent argues that pursuing an appeal and retrial simultaneously constitutes a waste of public resources, particularly since it is possible for the Ninth Circuit to reverse this Court's grant of the petition.  However, this interest is diminished since this Court has found that Respondent has not established a likelihood of success on appeal.  Moreover, it is not unusual to pursue both tracks simultaneously.  *See*, *e.g.*, *Calderon v. Moore*, 518 U.S. 149, 150 (1996).  Finally, it is noteworthy that Respondent has not sought to expedite the appeal.

As to Respondent's interest in continuing custody and rehabilitation, especially in light of this being a capital case, *see Braunskill*, 481 U.S. at 777, that interest is attenuated in light of the Court's conclusion that the convictions are unconstitutional and Respondent is not likely succeed on the merits of the appeal.  *See id.* at 778.  In any event, even without a stay from this Court, Petitioner could remain incarcerated if retrial is pursued by Respondent because a defendant

---

[2] Respondent does not assert a likelihood of success on the underlying *Pate* issue.

1  facing capital charges has no right to be released either on bail or recognizance. Cal. Const. article
2  I, § 12(a). Thus, Respondent has not shown that a stay is needed to further this interest.
3        Finally, the Court notes that under Federal Rule of Appellate Procedure 23(c), once the
4  writ of habeas corpus is granted, there is a presumption that a petitioner is entitled to be released,
5  *Braunskill*, 481 U.S. at 777. Other than the convictions for the offenses herein, Respondent has
6  not made any particular showing of flight risk or danger to community were the stay denied and
7  Petitioner released because of a failure to retry him.

8  D.    <u>Summary</u>

9        Taking into account the *Braunskill* factors, the Court concludes that resolution of the
10  dispute turns "to a large extent [on the Court's] determination of the State's prospects of success
11  in its appeal." *Braunskill*, 481 U.S. at 778. Because the State has not established even a
12  substantial case on the merits, "the preference for release should control" here. *Id.* Nor do the
13  other *Braunskill* factors warrant a stay. The Court, therefore, denies Respondent's request for a
14  stay of the retrial requirement in light of, *inter alia*, his failure to establish a likelihood of success
15  of appeal. Even if Respondent intended to seek a stay of the requirement to release Petitioner
16  whether or not retrial is commenced within the prescribed time frame, that too is denied.
17        The Court, however, shall extend the time for the state to retry Petitioner until February 13,
18  2017, an additional forty-five days. This will give additional time to prepare to initiate the
19  criminal case. It will also give Respondent time to seek a stay from the Ninth Circuit, if he so
20  desires.

21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Respondent's motion to stay. It *sua sponte* grants Respondent an additional forty-five (45) days in which to retry or release Petitioner.

This order disposes of Docket No. 285.

**IT IS SO ORDERED**.

Dated: December 6, 2016

_____
EDWARD M. CHEN
United States District Judge